# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-06-00496-CR

**Adam Anderson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. D-1-DC-05-302121, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

On original submission, appellant Adam Anderson complained in a single point of error that the trial court had not made the statutorily required findings of fact and conclusions of law regarding the voluntariness of his statement to the police. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West 2005). We overruled this contention on the ground that appellant was not in custody when he made his statement. *Anderson v. State*, No. 03-06-00496-CR (Tex. App.—Austin July 13, 2007) (mem. op., not designated for publication). This ruling was erroneous. *See State v. Terrazas*, 4 S.W.3d 720, 727 (Tex. Crim. App. 1999). The court of criminal appeals granted appellant's petition for discretionary review, vacated our judgment, and remanded

the case to us for further proceedings. *Anderson v. State*, No. PD-1213-07 (Tex. Crim. App. Nov. 7, 2007) (not designated for publication). We, in turn, abated the appeal and instructed the trial court to prepare and file findings of fact and conclusions of law conforming to the requirements of article 38.22, section 6.

The trial court made the required findings and conclusions, which were forwarded to this Court in a supplemental clerk's record. Among other things, the court found that appellant went to the police station voluntarily and was allowed to leave after the interview ended, appellant was never threatened or restrained, appellant was advised of his *Miranda* rights before he gave his statement, the medicines appellant was taking or not taking did not affect the voluntariness of his statement, and that the interviewing officers made some misrepresentations to appellant during the interview. These findings are supported by the record. The court made three conclusions of law: (1) appellant was not in custody at any time during the interview, (2) appellant's statements were made voluntarily and were not coerced, and (3) the officers' misrepresentations and appellant's mental condition did not render his statement involuntary.

Appellant's counsel was informed that he had thirty days to file a supplemental brief raising points of error challenging the trial court's findings and conclusions. After examining the court's findings and conclusions and consulting with appellant, counsel wrote a letter to the Court stating that "we will be filing no further briefs challenging the trial court's findings in this matter. The Court may proceed to final judgment in the case."

Because no further error is urged, the judgment of conviction is affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed on Remand

Filed: March 28, 2008

Do Not Publish